1  VENABLE LLP
   Richard J. Frey (SBN 174120)
2     rfrey@venable.com
   Edward J. Loya, Jr. (SBN 257346)
3     ejloya@venable.com
   Robert H. Pepple (SBN 295426)
4     rhpepple@venable.com
   2049 Century Park East, Suite 2300
5  Los Angeles, California 90067
   Telephone: (310) 229-9900
6  Facsimile: (310) 226-9901

7  Attorneys for Defendant
   BRADY CORPORATION
8

9  JML LAW, APLC
   Joseph M. Lovretovich
10 David F. Tibor
   Stephen Wiard
11 JML LAW, A Professional Law Corporation
   21052 Oxnard Street
12 Woodland Hills, California 91367
   Telephone: (818) 610-8800
13 Facsimile: (818) 610-3030

14 Attorneys for Plaintiff,
   ROBERT CHRISTIAN
15

**NOTE CHANGES MADE BY THE COURT**

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA
18                    EASTERN DIVISION
19

| | |
|---|---|
| 20  ROBERT CHRISTIAN, an<br>21  individual,<br>22              Plaintiff,<br>23       vs.<br>24  BRADY CORPORATION, a<br>   Wisconsin Corporation; and DOES 1<br>25  through 50, inclusive,<br>26              Defendant.<br>27 | CASE NO. 5:16-cv- 00789-DMG-AGR<br>Hon. Dolly M. Gee<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:    March 18, 2016<br>Action Removed:  April 25, 2016<br><br>**NOTE CHANGES MADE BY THE COURT** |

28

Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
310-229-9900

It appearing that the exchange of information and discovery in the above-captioned action (the "Litigation") is likely to involve the disclosure of confidential information, **IT IS HEREBY STIPULATED** as follows:

1. **Purpose.** Pursuant to stipulation of the parties, the terms of this Protective Order ("Order") shall govern the handling of any information, document or thing, or portion of any document or thing, that is non-public, confidential, private, proprietary, trade secret or otherwise protected by the attorney/client privilege and/or any other privilege and exchanged by any party or third party in the Litigation after the issuance of this Order. This Protective Order shall apply to Plaintiff Robert Christian ("Plaintiff"), Defendant Brady Corporation ("Defendant"), the parties' counsel, and any future parties in the Litigation who agree in writing to be bound by this Protective Order (the "Parties," which term shall include their counsel). *This protective order does not govern use of Protected Information at trial.*

2. **Right to Designate.** Any Party and any third party responding to any request to exchange information, or any discovery, in the Litigation who objects to the disclosure of information it deems to be non-public, confidential, private, proprietary and/or commercially sensitive and which are otherwise not protected by the attorney/client privilege and/or any other privilege (hereinafter referred to as "Confidential Information" or "Attorneys Eyes Only Information" and collectively referred to herein as "Protected Information") may disclose such Protected Information pursuant to the terms of this Protective Order.

3. **Designation.** Any person or entity that chooses to designate documents and information as Protected Information ("Designating Party") shall make such designations only as to those documents and information the person or entity believes in good faith contain:

(A) Trade secrets;

(B) Information reflecting non-public business or financial information,

1

and/or confidential competitive information which, if disclosed, could result in competitive harm to the disclosing party;

(C) Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(D) Information subject to federal or state privacy rights; or

(E) Information otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

4. **Permitted Use, Access and Security.** The disclosure of Protected Information shall only be made as provided herein. Unless this Order states otherwise, Protected Information produced pursuant to this Order is to be produced only to the Parties and their counsel ("Receiving Parties") and to be used only by the persons authorized under this Order, and solely for the purpose of preparing for and conducting the Litigation, or any related form of alternative dispute resolution, and is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, except as otherwise provided herein.

Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order. Any person in possession of Protected Information, including the parties and their respective counsel, shall exercise the same care with regard to the storage, custody, or use of such Protected Information as they would apply to their own material of the same or comparable sensitivity.

5. **Designation By A Party of Information From a Non-Party.** In order to provide the Parties an adequate opportunity to designate information as "Confidential" or "Attorneys Eyes Only," all information produced in this Litigation by third parties shall be deemed "Attorneys Eyes Only," whether or not stamped with that legend, for a period of fifteen (15) days following production. Furthermore, the inadvertent failure by any Party to designate information

produced by third parties as "Confidential" or "Attorneys Eyes Only" within that fifteen (15) day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Paragraph 14 of this Order. The Receiving Party may challenge the designation of the information as provided in Paragraph 17 of this Order.

6. **Designation.** Any documents produced pursuant to this Order shall be stamped on the first page of the document and on every page of the document that is subject to this Order as "CONFIDENTIAL INFORMATION FOR USE ONLY IN CHRISTIAN v. BRADY CORPORATION." ("Confidential Information"), "ATTORNEYS EYES ONLY INFORMATION FOR USE ONLY IN CHRISTIAN v. BRADY CORPORATION" ("Attorneys Eyes Only Information"), or substantially similar language.

<u>For electronically-stored information that cannot be labeled on each page</u>, or other information produced in a form other than documentary, the Designating Party shall provide written notice of the designation of the Protected Information to the Receiving Party and affix the legend "CONFIDENTIAL INFORMATION FOR USE ONLY IN CHRISTIAN v. BRADY CORPORATION", "ATTORNEYS EYES ONLY INFORMATION FOR USE ONLY IN CHRISTIAN v. BRADY CORPORATION" or substantially similar language in a prominent place on the medium used to produce the information or item or on the exterior of the container or containers in which the information or item is stored. If the Protected Information is produced in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Information in the load file. A Receiving Party shall not transmit information produced in accordance with this paragraph without informing any recipient of the information of its protected nature.

7. **Response to Discovery Requests.** Subject to, and without waiver of any objections, the Designating Party may respond to any written discovery and disclose and produce Protected Information as follows:

    a. Interrogatories and Requests for Admission: Clearly designating Protected Information contained within the interrogatory response or the request for admission response in the language and manner provided in Paragraph 6 above.

    b. Requests for Production of Documents: Producing documents that contain Protected Information in the manner provided in Paragraph 6 above.

8. **Access to Confidential Information.** Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL INFORMATION FOR USE ONLY IN CHRISTIAN v. BRADY CORPORATION," or substantially similar language that at a minimum incorporates the word "confidential," shall not be disclosed to any person or entity other than the following:

    a. a Party to the Litigation (including employees and agents of the Parties for purposes related to the Litigation);

    b. outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

    c. counsel for the respective Parties whose firm is counsel of record in the Litigation (including regular and temporary

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

4

STIPULATED PROTECTIVE ORDER
Case No. 5:16-cv-00789-DMG-AGR

12174411-v2

employees, contractors and agents of those attorneys of record) or are otherwise assisting in the prosecution or defense thereof;

d. outside experts or consultants and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in the Litigation, but only if (1) they are not Parties; (2) they are not officers, directors or employees of Parties, of affiliates of Parties or of competitors of Parties; and (3) they have signed a declaration in the form of Exhibit 1;

e. secretaries, paralegals and other clerical or support personnel employed by or retained by counsel for a Party but only if (1) they are not Parties; and (2) they are not officers, directors or employees of Parties, of affiliates of parties or of competitors of Parties;

f. the Court, including judicial employees and all other necessary personnel, including court reporters, stenographers, and videographers; ~~jurors and alternate jurors, employed by or retained by the Court;~~

g. a court reporter retained by one or more of the Parties for purposes of the Litigation who has executed a declaration in the form of Exhibit 1;

h. the author, addressee or any other person or entity identified as a recipient of specified Confidential Information who would otherwise be entitled to receive it; and

i. other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

9. **Access to Attorneys Eyes Only Information.** Unless otherwise

agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "ATTORNEYS EYES ONLY INFORMATION FOR USE ONLY IN <u>CHRISTIAN V. BRADY CORPORATION</u>," or substantially similar language that at a minimum incorporates the words "attorneys eyes only," shall not be disclosed to any person or entity other than the following:

 a. counsel for the respective Parties whose firm is counsel of record in the Litigation or are otherwise assisting in the prosecution or defense thereof;

 b. outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

 c. consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in the Litigation, but only if (1) they are not Parties; (2) they are not officers, directors or employees of Parties, of affiliates of Parties or of competitors of Parties; and (3) they have signed a declaration in the form of Exhibit 1;

 d. secretaries, paralegals and other clerical or support personnel employed by or retained by counsel for a Party but only if (1) they are not Parties; and (2) they are not officers, directors or employees of Parties, of affiliates of Parties or of competitors of Parties;

 e. the Court, including judicial employees and all other necessary personnel, including court reporters; ~~employed by or retained by the Court;~~



6

STIPULATED PROTECTIVE ORDER
Case No. 5:16-cv-00789-DMG-AGR

    f.    a court reporter retained by one or more of the Parties for purposes of this Litigation who has executed a declaration in the form of Exhibit 1;

    g.    the author, addressee or any other person or entity identified as a recipient of specified Attorneys Eyes Only Information who would otherwise be entitled to receive it; and

    h.    the Designating Party.

10.  **Disclosure to Experts.**  A Receiving Party shall not disclose or disseminate any Protected Information to its experts or consultants until the experts or consultants have executed a declaration in the form attached as Exhibit 1. If any such declaration is signed by an expert or witness designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, a copy of that declaration shall be provided upon request by the Designating Party whose Protected Information was reviewed by the expert or witness. Original declarations signed by experts or witnesses not designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure shall be maintained by the Receiving Party that retained such expert or witness and shall be submitted to the Court for *in camera* review on request by the Court or by court order after the motion of any Party for such a review, based on a showing of good cause, for an alleged breach of the Order.

11.  **Use in Depositions.** If a Receiving Party wishes to divulge Protected Information during a deposition at which one or more persons are present to whom disclosure is not permitted under Paragraphs 8 or 9, then the following procedures shall be followed:

    a.  Any questioning of the deponent that relates to any Protected Information shall be conducted with only the following persons entitled to be present: (1) the deponent, who is permitted access to the information under this Order and has executed a declaration in the

form of Exhibit 1; (2) counsel representing the deponent, who has executed a declaration in the form of Exhibit 1; (3) any designated representative of the Designating Party producing the Protected Information; (4) counsel for the Party conducting the deposition; (5) the court reporter and videographer, who have executed declarations in the form of Exhibit 1; (6) any other person authorized to be present by prior order of the Court; (7) any other person authorized to be present by counsel for the Designating Party; and (8) any counsel (or their staff) for other Parties.

b. The confidential portion of the deposition shall be separately transcribed and shall be sealed and marked "CONFIDENTIAL" or "ATTORNEYS EYES ONLY INFORMATION" by the court reporter, and shall not be made part of the public transcript. The sealed portions of the transcript may only be provided to the persons authorized under this Order.

c. If documents containing Confidential Information or Attorneys Eyes Only Information are used in deposition, they shall be marked pursuant to Paragraph 6 and shall be attached only to the confidential transcript.

d. Within thirty (30) days of receipt of the certified deposition transcript, any Party may mark as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY INFORMATION" any portion of the deposition transcript containing such information. The Party seeking to mark a deposition transcript, or portions of a deposition transcript, as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY INFORMATION" after the certified transcript has been prepared shall promptly notify all persons who were present at the deposition of its

Case 5:16-cv-00789-DMG-AGR Document 17-1 Filed 08/12/16 Page 10 of 23 Page ID #:145

intent to do so, shall instruct the court reporter to conform the deposition transcript to Paragraph 11.d., and shall bear all reasonable costs related thereto.

  e. A Designating Party may de-designate any portion of the deposition transcript that the Party previously had designated as Protected Information, by promptly notifying in writing all other Parties and all persons who were present at the deposition of its intent to de-designate. The notice shall identify with specificity the portion or portions of the transcript that no longer are designated as Protected Information. The Designating Party shall instruct the court reporter to produce a new certified copy of the deposition transcript that removes any confidentiality designations as appropriate, and shall bear all reasonable costs related thereto.

 12. **Sanction.** Intentional disclosure of Protected Information or other violation of this Order by a Party or other person authorized to receive Protected Information pursuant to this Order may subject the violating person to sanctions for contempt of court, as well as any other statutory or common law remedies that may be available to the Designating Party.

 13. **Disclosure of Own Information.** Nothing in this Order shall prevent a Designating Party from disclosing its own Protected Information to any person or otherwise using that information for purposes of this Litigation. Whether such disclosure waives the protection of this Order or results in that disclosed material becoming discoverable by other Parties shall be determined by the Court according to the facts and the relevant law.

 14. **Inadvertent Production of Confidential Material Without a Designation.** If a Designating Party inadvertently produces Protected Information without designating it as such in accordance with this Order, the Designating Party

shall notify all Receiving Parties of the proper designation of the Protected Information as soon as practical after discovery of the error by the Designating Party. The Designating Party shall provide the Receiving Parties with a replacement of the Protected Information marked in accordance with this Order. Upon receipt of the properly designated document or information: (a) the document or information shall be treated by the Receiving Parties as if it had been timely designated as Protected Information under this Order; and (b) the Receiving Parties shall use reasonable efforts to identify any other persons or entities to whom the information in question was given. It shall then be the burden of the Receiving Parties to collect in good faith all such Protected Information from persons and entities who would not have been entitled access thereto if the document or information had been so designated at the outset. The Receiving Parties shall use reasonable efforts to protect from disclosure any unmarked copies of the Protected Information in their possession, by destroying or returning to the Designating Party any unmarked copies of the Protected Information in their possession. The inadvertent disclosure or inadvertent mis-marking by a Designating Party of documents or information that the Designating Party believes to be confidential shall not be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter.

15. **Inadvertent Production of Privileged Material.** If a Party inadvertently or mistakenly produces Privileged Material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege or work-product immunity for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. Pursuant to Fed. R. Evid. 502(d), the

inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

If a Party has inadvertently or mistakenly produced Privileged Material, and if the Party makes a written request for the return of such Privileged Material, the Privileged Material for which a claim of inadvertent production is made (including any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced Privileged Material), as well as all copies, shall be either sequestered or returned within ten (10) business days regardless of whether the Receiving Party disputes the claim of privilege. The Party shall provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log. If the Receiving Party disputes the assertion of privilege, the Receiving Party may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstance of the inadvertent production as a ground for entering such an order. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material *in camera*. Notwithstanding this Order, no Party will be prevented from moving the Court for an order compelling the production of documents for which the privilege has been waived pursuant to, *inter alia*, the crime-fraud exception.

If the Receiving Party believes that any material produced or disclosed to it may be subject to any privilege, immunity, or similar protection, it must stop reading and promptly notify the Producing Party and may not read or otherwise view the unread portion of such material until the court orders otherwise or the Producing Party gives permission. The Receiving Party must promptly notify the Producing Party that it has received materials that likely contain privileged information, including the bates numbers of those specific documents, and return

1  all copies to the Producing Party.

2      16. **De-Designation.** Nothing in this Order shall be deemed to preclude a Designating Party from de-designating any Protected Information at any time. The Designating Party shall notify all Receiving Parties in writing of its intent to de-designate, at which time the document or information shall no longer be treated as Protected Information under this Order. The Designating Party shall also produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

    17. **Challenging Confidentiality Designations.** Nothing in this Order shall be deemed to preclude a Receiving Party from seeking permission of the Court to release information designated as Confidential Information or Attorneys Eyes Only Information under this Order. If a dispute arises regarding the designation of documents or information as Protected Information, the following procedures shall be followed:

    a.   In the event that a Receiving Party believes, in good faith, that a document or information produced or disclosed which has been designated as Protected Information under the Order is not confidential or should not be designated as Confidential Information or Attorneys Eyes Only Information, the Receiving Party shall send the Designating Party a written request specifically identifying the information or document (by bates-number), sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order. Within ten (10) business days of receipt of such a written request, the Parties shall meet and confer.

    b.   If the Parties are unable to agree within the ten (10) day period under Paragraph 17.a., the Receiving Party may seek an order

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

12

STIPULATED PROTECTIVE ORDER
Case No. 5:16-cv-00789-DMG-AGR

12174411-v2

        concerning such information or documents which has previously been produced or disclosed under the Order. The Designating Party shall in any proceeding or other matter concerning such designation have the burden of proof in justifying the confidential designation pursuant to this Order and applicable law.

    c.    If the Receiving Party seeks an order pursuant to Paragraph 17.b, above, no Party may disclose Protected Information in a manner contrary to its designation unless the Designating Party subsequently consents to disclosure or prior to ten days after the Court has issued an order allowing disclosure or as otherwise ordered by the Court. To the extent the Court rules that any information designated as Protected Information is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party shall produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

18.    **Discussion with Clients.**  In the event that a Receiving Party's counsel believes in good faith that it is reasonable to consult with its client (or in the case of a corporate client, an officer or employee thereof), who would not be permitted access under the provisions of Paragraph 9 above, about a document or information designated "ATTORNEYS EYES ONLY INFORMATION" that directly identifies such client, officer or employee, counsel may consult with such client, officer or employee about the portion of such document or information that directly identifies such client, officer or employee, so long as: (a) the consultation does not disclose specifically Attorneys Eyes Only Information, but only the general subject matter of the document or information, and (b) the document or

13

STIPULATED PROTECTIVE ORDER
Case No. 5:16-cv-00789-DMG-AGR

12174411-v2

Case 5:16-cv-00789-DMG-AGR Document 17-1 Filed 08/12/16 Page 15 of 23 Page ID #:150

information itself or any other portion thereof is not given or disclosed to such client, officer or employee, and (c) such client, officer or employee has signed a declaration in the form of Exhibit 1.

19. **Filing Under Seal.** No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

20. ~~Notwithstanding any other provision of this Order, if the need arises during trial or at any hearing before the Court for any Party to disclose Protected Information, the Parties shall confer and attempt to agree before any court trial or hearing~~ The Parties shall confer regarding the procedures for which Protected Information may be used or introduced into evidence at ~~such~~ a trial or hearing. Protected Information used at trial will become public absent a separate court order ~~Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each third party~~ upon motion and sufficient reasons shown. ~~producing Protected Information which may be used or introduced at such trial or hearing. Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon Court approval. Absent agreement of the Parties, any Party upon reasonable notice to the Designating Party may move the Court to issue an order governing the use of Protected Information at a trial or hearing.~~

21. This Order in no way alters the law regarding the type of information that may be deemed Protected Information nor the burdens for demonstrating confidentiality or the right to discovery of Protected Information.

22. **Protected Material Subpoenaed or Ordered Produced in Other**

**Matters.** Any Receiving Party who receives a subpoena or other process from a non-Party, or order, to produce or disclose Protected Information shall provide the Designating Party with written notice thereof (which notice shall include a copy of the subpoena or other process or order or other information necessary to reasonably inform) within seventy-two (72) hours of receipt of said written notice to enable the Designating Party to take whatever action it deems appropriate. The Designating Party may then seek an order from the court issuing the subpoena, process, or order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena or other process or order. The Receiving Party may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure. Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 17 of this Order.

23. **Final Disposition.** Within ninety (90) days of any written request, made after the termination of this Litigation, including appeals, the Party to whom the Protected Information was produced shall either: (1) return all such Protected Information and all copies, portions, excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) to the Designating Party; or (2) provide the Designating Party with a written certification, that all Protected Information provided to them, as well as all Protected Information they provided to others, has, to the best of their knowledge, been destroyed. To the extent it is not reasonably possible to destroy or return certain Protected Information in the possession of a Receiving Party – e.g., some Protected Information was attached to an email – such Receiving Party agrees to maintain the confidentiality of such Protected Information and shall provide a written certification to that effect.

Case 5:16-cv-00789-DMG-AGR Document 17-1 Filed 08/12/16 Page 17 of 23 Page ID #:152

     Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside on their respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, Parties and their Counsel shall not retrieve any Confidential or Attorneys Eyes Only material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the Litigation. Additionally, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Information. Any such archival copies that contain or constitute Protected Information remain subject to this Order as set forth in Paragraph 26.

     24.  **No Waiver of Right to Appropriately Withhold or Redact.** Notwithstanding the provisions of this Order, Designating Parties may redact from any produced information, whether designated as Protected Information or not, any information containing Privileged Material or any irrelevant trade secrets or other irrelevant highly confidential research, development or commercial information, or any other data protected from disclosure by State or Federal regulations. If, after reviewing information containing a redaction a Receiving Party has a good faith basis for challenging the redaction, the Parties shall initially attempt to resolve the issue through discussions. If those discussions prove unsuccessful, the challenging Party may move for a ruling by the Court on whether the information is entitled to redaction, which may, where legally permitted, necessitate an *in camera* inspection of the document in non-redacted form by the Court. If the Court orders that the redacted portion of the information should remain redacted, then the redacted portion of said Discovery Material may not be used as evidence by any Party at trial or at a hearing and may not be relied upon by any Party's Experts. If the

16

Case 5:16-cv-00789-DMG-AGR Document 17-1 Filed 08/12/16 Page 18 of 23 Page ID #:153

Court orders that the redacted portion of the information is not entitled to redaction, and if the Court orders the Designating Party to produce the information without redaction, then the Designating Party shall produce the information in non-redacted form. Unless expressly ordered otherwise by the Court, a finding that information is not entitled to redaction shall have no effect on the status of the information as Protected Information.

25. **Right to Assert Other Objections.** Nothing in this Order shall limit a person or entity's right to seek or object to discovery of and/or the disclosure of information or documents on any basis, including but not limited to being Protected Information, alter the burdens for objecting to or obtaining discovery of Protected Information, or affect the admissibility or inadmissibility of any Protected Information; nor shall this Order preclude any person or entity from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or Local Rules of the United States District Court for the Central District of California.

26. ~~The Court shall retain jurisdiction following termination of the Litigation for the purpose of enforcing any provisions of this Order.~~

27. **Responsibility of Attorneys.** Outside Counsel are responsible for employing reasonable measures to control and track, consistent with this Order, access to and distribution of information, including abstracts and summaries thereof.

28. **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Order may be amended or superseded by written agreement of the Parties and order of the Court, or by order of the Court. In the event that such modification is sought, the Parties reserve the right to raise any and all arguments and to invoke any and all laws in opposition to such modification. Any modification sought shall not apply unless

17

and until ordered by the Court.

IT IS SO STIPULATED.

Dated: August 12, 2016

**VENABLE LLP**

By: /s/ Edward J. Loya, Jr.
RICHARD J. FREY
EDWARD J. LOYA, JR.
ROBERT H. PEPPLE

Attorneys for Defendant,
BRADY CORPORATION

Dated: August 12, 2016

**JML LAW, APLC**

By: /s/ Stephen J. Wiard
JOSEPH M. LOVRETOVICH
David F. Tibor
STEPHEN J. WIARD

Attorneys for Plaintiff,
Robert Christian

IT IS SO ORDERED.
DATED: 8/16/2016

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

I, [name], have read the Protective Order (the "Order") in the action entitled <u>CHRISTIAN V. BRADY CORPORATION</u>, United States District Court for the Central District of California, Case No. 5:16-cv-00789-DMG-AGR, and agree on behalf of myself and those in my organization, _____, that if any Protected Information is provided to me pursuant to the terms of the Order, I and those in my organization will be bound by and comply with the terms of the Order and will maintain that information as confidential in the manner designated under the Order. I will not disclose Protected Information to others, including in my organization, unless permitted under the Order.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

Name: _____

For: _____